IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY L. CODNER, : | |
| : | 3:14-CV-02039 |
| Petitioner : | |
| : | (Judge Nealon) |
| v. : | |
| : | |
| JEH JOHNSON, <u>ET</u> <u>AL.</u>, : | |
| : | |
| Respondents : | |

## **MEMORANDUM**

On October 23, 2014, Petitioner, Gary L. Codner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  He challenges the underlying finding of removability by an immigration judge ("IJ"), as well as his continued detention by ICE pending removal from the United States.  (<u>Id.</u>).  For the reasons set forth below, the petition is dismissed in part and granted in part.

## **Background**

Petitioner, a native and citizen of Jamaica, entered the United States from Jamaica on May 24, 1997, on a non-immigrant B-2 visa with authorization to remain in the United States for six (6) months.  (Doc. 7, Ex. 1).  Petitioner never departed the United States, and on August 9, 2002, he was placed in removal proceedings for overstaying his visa.  (<u>Id.</u>).  These proceedings were administratively closed in 2006 when Petitioner's United States citizen wife filed

an I-130 petition to adjust the status of his visa. (Doc. 1, Ex. 4). Thereafter, his removal case was reopened, but proceedings were closed again in June 2010 after Petitioner was imprisoned in Pennsylvania and later convicted for possession with intent to distribute marijuana. (Id. at Ex. 2, pp. 4-5).

On July 19, 2012, ICE amended the charges of removability to include removability under 8 U.S.C. § 1227(a)(2)(B)(i) based upon Petitioner's conviction for possession with intent to distribute marijuana. (Id. at Ex. 11). On September 19, 2012, Petitioner was ordered removed to Jamaica, but an IJ delayed removal to allow him an opportunity to seek cancellation of removal under, inter alia, the Convention Against Torture ("CAT"). (Id. at Ex. 2, pp. 16-17). A hearing was held on October 15, 2012, where the IJ explained Petitioner's evidentiary rights. (Id. at pp. 26-27). The IJ continued the hearing until December 6, 2012. (Id.). Petitioner requested an earlier hearing, which the IJ could not grant due to a full calendar. (Id. at p. 27).

On December 6, 2012, the IJ conducted a hearing and ultimately denied Petitioner's CAT claim. (Id. at pp. 98-99). Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on April 5, 2013. (Id. at Ex. 14). On April 29, 2013, Petitioner filed a motion to reconsider, which the BIA denied on June 10, 2013. Codner v. Attorney Gen. of U.S., 550 F.App'x 124, 127-28 (3d Cir. 2014). He then filed a petition for review with the

United States Court of Appeals for the Third Circuit, which granted the petition on January 10, 2014. Codner, 550 F.App'x at 129. The Third Circuit concluded that the IJ and BIA had failed to adequately explain why they had discounted certain evidence presented by Petitioner, and therefore remanded the case to consider that evidence. Id. at 128-29.

Approximately six (6) months later, on July 11, 2014, the BIA remanded the case to the IJ to consider all relevant evidence in accordance with the Third Circuit's decision. (Doc. 7, Ex. 16). More than three months later, on October 20, 2014, after considering the evidence presented, the IJ again denied Petitioner's CAT claim. (Id. at Ex. 17). On November 17, 2014, Petitioner filed an appeal of that decision with the BIA. (Id. at ¶ 11). A telephone call to ICE reveals that the BIA dismissed his appeal on January 21, 2015. Petitioner thereafter filed a motion to reopen BIA jurisdiction, which is still pending motion before the BIA.

**Discussion**

Petitioner presents two (2) distinct arguments in his petition for writ of habeas corpus. First, he contends that the underlying finding of removability by the IJ is flawed. (Doc. 1). Specifically, he argues that he was "unduly" convicted of a crime, and because there was no evidence of intentionality on his part, his state criminal conviction is null and void. (Id.). Therefore, he argues that the finding that he is removable based upon that conviction is likewise null and void. (Id.).

Second, Petitioner argues that he is entitled to an individualized bond hearing. (Doc. 1).

### 1. Removability Pursuant to Petitioner's State Court Conviction

First, Petitioner argues that the IJ's underlying finding of removability is flawed, and, therefore, he should be released from ICE custody. (Doc. 1). In turn, Respondents assert that this Court lacks jurisdiction to consider such a claim. (Doc. 7).

Under 8 U.S.C. § 1252, as amended by the REAL ID Act, "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). This applies to "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter[.]" Id. at (b)(9). Consequently, this section of the statute "divests [a district court] of jurisdiction to review" a habeas petition brought in challenge of a finding of removability. Chuva v. Attorney Gen. of U.S., 432 F.App'x 176, 177 (3d Cir. 2011).

Here, Petitioner directly challenges the IJ's determination that he was removable based upon a state court conviction. (Doc. 1). As the REAL ID Act divested this Court of jurisdiction to consider such a claim, that portion of the habeas petition must be dismissed with prejudice for lack of jurisdiction. See,

Bryan v. U.S. Citizenship & Immigration Servs., 506 F.App'x 150, 151 (3d Cir. 2012).

### 2. **Entitlement to an Individualized Bond Hearing**

Second, Petitioner argues that his detention has lasted for an unreasonable duration, and, therefore, he should be granted a bond hearing pursuant to Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011). (Doc. 6). Respondents contend that his detention has not been unreasonably lengthy. (Doc. 7).

Petitioner has been detained by ICE and found removable from the United States based upon his state court conviction for possession with intent to distribute marijuana. (Id. at Ex. 11). This crime makes an individual removable from the United States pursuant to 8 U.S.C. § 1227(a)(2)(B)(i). However, his order of removal is not yet final. Consequently, Petitioner is subject to mandatory detention without release on bond pursuant to 8 U.S.C. § 1226(c)(1)(B).

Although Section 1226(c) requires detention without a bond hearing, the Third Circuit has concluded that Section 1226(c) "contains an implicit limitation of reasonableness: the statute authorizes only mandatory detention that is reasonable in length." Diop, 656 F.3d at 235. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Id. at 233. Thus, the Third Circuit "laid out a two step-

process: a reviewing court must first determine that a detention had been unreasonably long, and following such a determination, must determine whether the unreasonable detention is necessary to fulfill § 1226's purposes[.]" Leslie v. Attorney Gen. of U.S., 678 F.3d 265, 269-70 (3d Cir. 2012).

Determining whether an individual's detention is no longer reasonable in length is "a fact-dependent inquiry that will vary depending on individual circumstances." Diop, 656 F.3d at 233. Such an inquiry must account for delay caused by errors necessitating appeal, as well as any continuances or delays favorable to the detainee. Id. at 233-34. While declining to establish a bright-line rule for the length of time that would constitute an unreasonable detention, the Third Circuit noted that "detention under § 1226 lasts roughly a month and a half in the majority of cases in which it is invoked, and about five months in the minority of cases in which an alien chooses to appeal." Id. In determining whether detention is unreasonably lengthy, courts should examine the duration of the detention, reasons for any delay, and which party bears responsibility for any delay. See, Leslie, 678 F.3d at 270-71.

The record reveals that, as of March 5, 2014, Petitioner has been in ICE custody for approximately thirty (30) months.[1] This greatly exceeds the average

---

[1] It is unclear when Petitioner was taken into ICE custody. However, he was served with additional charges of removability on July 19, 2012, and was found removable at a hearing on September 19, 2012. (Doc. 7, Ex. 2, 11). Thus, Petitioner was taken into ICE custody at some point between those dates. At his December 6, 2012 hearing, Petitioner testified that he had

five (5) month detention period for an individual who pursues an appeal in his or her case. Leslie, 678 F.3d at 269. Furthermore, much of the delay in adjudicating his case is attributable to the government, rather than Petitioner himself. While the initial adjudicating of Petitioner's removability from the United States occurred relatively quickly, within three (3) months of being charged as removable, subsequent adjudication of his case has occurred at a slow pace.

Petitioner waited approximately three (3) months for the IJ to hold an evidentiary hearing in this case, despite his request that the hearing be conducted sooner. (Doc. 7, Ex. 2, p. 27). After a hearing was conducted, the IJ rejected his claims, but failed to provide any proper explanation as to why he rejected certain probative evidence. Codner, 550 F.App'x at 128-29. The BIA then compounded this error by likewise failing to "explain why it discounted letters attesting to Codner's homosexuality." Id. at 129. After the Third Circuit remanded the matter, the BIA waited approximately six (6) months to remand the case to the IJ, and the IJ took slightly more than three (3) months to adjudicate the matter. (Doc. 7, Ex. 16, 17). The result was a cumulative delay of more than two (2) years between Petitioner's initial CAT hearing and the IJ's latest adjudication of his CAT claim.

---

served twenty-seven (27) months in state custody before being released into federal custody. (Doc. 7, Ex. 2, p. 85). An arrest warrant was issued, and he was taken into state custody on May 18, 2010. (Doc. 1). Petitioner was therefore likely transferred to ICE custody on or about August 18, 2012, twenty-seven (27) months after he was detained by state authorities.

These delays occurred entirely as a result of judicial error for which Petitioner was not at fault and bears no responsibility.

Respondents accurately point out that judges within this district have also looked to the probable extent of future removal proceedings and the likelihood that removal proceedings will actually result in removal when determining if detention is unreasonably lengthy.  E.g., Hernandez v. Sabol, 823 F.Supp.2d 266, 273 (M.D. Pa. 2011).  To be certain, neither factor would at first glance appear to weigh in Petitioner's favor.  In that vein, Respondents argue that "the extent of future removal proceedings is minimal" because proceedings will essentially terminate once the BIA denies Petitioner's appeal.  (Doc. 7, p. 15).  However, such an argument could have been posited two (2) years ago when Petitioner was awaiting a BIA decision regarding his first appeal.  Therefore, this factor does not militate against granting an individualized bond hearing.

Furthermore, courts have recognized that, as an individual's detention grows longer, the justification for detaining him without a bond hearing grows more tenuous.  See, e.g., Diop, 656 F.3d at 234 ("the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past" the average detention period); Chavez-Alvarez v. Sabol, No. 1:12-CV-2130, 2014 WL 257357, at *6 (M.D. Pa. Jan. 22, 2014) ("courts generally agree that where the period of pre-removal detention exceeds two years,

some form of bail individualized consideration is typically mandated"). Thus, the Third Circuit has mandated a bond hearing for an individual detained for thirty-five (35) months based solely on the length of detention. Diop, 656 F.3d at 234-35. In this instance, detaining Petitioner for more than thirty (30) months without an individualized bond hearing has violated his due process rights, and he must be afforded an individualized bond hearing at this point in time.

While it certainly does not appear that Petitioner presents a danger to society, this Court will leave the ultimate determination of his flight risk to the better informed Immigration Courts. These courts, and the IJ in particular, have dealt with Petitioner for several years, and are better positioned to determine his suitability for release on bond. Therefore, this matter will be remanded to the Immigration Courts to conduct Petitioner's individualized bond hearing.

**Conclusion**

Due process requires that Petitioner be provided with an individualized bond hearing pursuant to Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011). However, this Court does not have jurisdiction to consider Petitioner's challenge to the IJ's determination that he is removable. Consequently, his petition will be granted in part and dismissed in part.

A separate Order will be issued.

Dated: March 5, 2015                              /s/ William J. Nealon
                                                                    United States District Judge